EDYTHE E. DIEVENDORF, Plaintiff, *v.* HENRY A. DIEVENDORF, Defendant.

County Court, Montgomery County, November 14, 1950.

*William J. Crangle, Jr.,* for defendant.

*Charles E. Hardies, Jr.,* for plaintiff.

AULISI, J. A motion is made by the defendant for a dismissal of the complaint in this action brought to partition certain lands in the village of Palatine Bridge, New York.

The plaintiff and defendant were married in June, 1934, and in November, 1945, defendant conveyed to himself and the plaintiff, as tenants by the entirety, said real property which he had acquired in October, 1935, by a deed in his own name. By reason of marital differences and difficulties, plaintiff and defendant separated in April, 1950, and have been living separate and apart from each other. On August 15, 1950, plaintiff by deed conveyed her undivided interest in said property to one Mary Unger and on the same day the said Mary Unger reconveyed her title and interest in the property to the plaintiff who now contends that Mary Unger became a tenant in common with defendant subject to his right of survivorship and by the reconveyance to plaintiff she succeeded to the same interest held by the third party. The defendant claims that plaintiff cannot destroy the tenancy by the entirety by a transfer to a third party.

The Civil Practice Act authorizes partition between tenants in common and joint tenants but not between tenants by the

entirety where each tenant holds and is seized of the whole and not of any separate part.

The grand characteristic which distinguishes a tenancy by the entirety from a joint tenancy is its inseverability, whereby neither the husband nor the wife, without the assent of the other, can dispose of any part of the estate so as to affect the right of survivorship in the other. This grew out of the marital status and the unity of husband and wife. The common law forbids partition of entirety of real property during coverture, and, so far as statutes have modified this common-law rule, they generally permit voluntary partition only. Tenants by the entirety are seized of the realty *per tout et non per my* and compulsory partition between husband and wife is not authorized (*Bertles* v. *Nunan*, 92 N. Y. 152; *Zorntlein* v. *Bram*, 100 N. Y. 12; *Hiles* v. *Fisher*, 144 N. Y. 306).

Estates, as in this case, often are bogged down by estrangement between husband and wife but the impediment thus brought about cannot be obviated by juggling the title. I am of the opinion that the adroit movement of title by the plaintiff did not destroy the original entirety. It is apparent that the purpose of the transfers between the plaintiff and the third party was to create a tenancy in common so as to authorize partition but tenancy in common as understood by the law did not emerge as desired. The essential right of survivorship was not destroyed and the Unger deeds could not and did not affect the ultimate fee.

The decision in *Hiles* v. *Fisher* (*supra*) is a leading case on this subject. It was there held that husband and wife are tenants in common of the use, rents, and profits of the realty held by the entirety, with power in each to dispose of his or her interest therein. This deals with the rents, profits, and control of the estate during coverture, leaving the estate otherwise untouched as to its other common-law incidents. It is there said (p. 316): " The husband had a right to mortgage his interest, which was a right to the use of an undivided half of the estate during the joint lives and to the fee in case he survived his wife, and by the foreclosure and sale the plaintiff acquired this interest and became a tenant in common with the wife of the premises *subject to her right of survivorship.*" (Italics supplied.) This must necessarily mean a tenancy in common with the wife as to the rents, issues, and profits of the real property formerly held by the entirety by husband and wife, and a peculiar, special, and limited tenancy in common as to the fee

with right of survivorship retained. The purchaser and the husband or wife could not be tenants by the entirety. Therefore, they are said to be tenants in common with right of survivorship.

I do not believe that such limited tenancy in common is the tenancy common indicated by sections 1012 and 1018 of the Civil Practice Act, for the reason that the distinguishing feature of a holding by the entirety is thus retained, to wit, the ultimate right of survivorship.

Motion to dismiss complaint is granted.

An order may be submitted accordingly.