James F. Niehoff, J.
In this summary proceeding instituted for nonpayment of rent on residential property the tenant, by order to show cause dated April 3,1969, has brought on a motion for an order staying the execution of the warrant of eviction and “ for such other and further relief as to the Gourt may seem just and proper ’ ’. The memorandum of law submitted on behalf of the tenant does not limit itself to the specific relief prayed for in the order to show cause; namely, a stay of execution of the warrant — it goes further and asks that the warrant of eviction be vacated. Inasmuch as the order to show cause obtained by the tenant contains the omnibus prayer for relief quoted above this court is empowered to consider the tenant’s argument that the warrant should be vacated as well as her demand for a stay (see, e.g., Feuchtwanger v. Hoffman, 1 A D 2d 803; Kellogg v. Commodore Hotel, 187 Misc. 319, 322-323 and cases there cited).
The central facts are not in dispute.
This summary proceeding was instituted against the tenant by notice of petition and petition dated March 17,1969. The accommodations in question comprise the first floor apartment of premises known as No. 45 G-raywood Road, Port Washington- *402 New York. The tenant, who is receiving public assistance from the Nassau County Department of Social Services, and her three children, occupy the apartment.
The petition alleged that the tenant was in default in payment of the rent due on February 1, 1969, in the amount of $162, and in payment of the rent due on March 1, 1969, in like amount. It alleged further that the tenant was in default in payment of the rental for water charges from April 1, 1968, to January, 1969, in the amount of $20, i.e., at the rate of $2 per month. In addition to demanding possession, the landlord demanded a judgment for rent in arrears for the sum of $344 together with interest and the costs and disbursements of the proceeding.
The tenant defaulted on the return date and a final judgment was granted awarding the landlord possession and the sum of $344, with interest of $1.75 making a total of $345.75 together with $3.50 costs and disbursements, amounting in all to the sum of $349.25. The judgment contained no stay of the issuance of a warrant of eviction.
On or before March 19, 1969, the tenant mailed two predated checks to the landlord each in the amount of $160. The bank on which they were drawn rejected one of the two checks for insufficient funds.
Under date of March 25, 1969, counsel for the landlord wrote a letter to the tenant advising her of the final judgment and enclosing therewith a letter of even date addressed to this court requesting the issuance and service of a warrant of eviction.
On March 27, 1969, the tenant deposited moneys in her checking account to enable the landlord to collect the proceeds of the second check.
Thereafter, on April 1, 1969, the warrant of eviction was issued. As indicated above, the present motion was initiated by order to show cause dated April 3, 1969. The return date, originally fixed for April 7, 1969, was adjourned to April 10, 1969, at the tenant’s request. Under date of April 7,1969, counsel for the tenant forwarded to counsel for the landlord the sum of $29.25, covering the water rental charges and costs in this proceeding.
The threshold question pertains to the validity of the warrant of eviction. The tenant asserts that the “facts conclusively establish that the * * * [landlord] was informed that funds were available at the * * * [tenant’s] bank to cover the checks mailed to the * * * [landlord] in payment of the February and March rent several days before the issuance of the warrant of eviction and that in fact both checks were paid before the issuance of the warrant” and that since payment *403 was made before the issuance of the warrant, said warrant is null and void.
It is true that the evidence establishes that the proceeds of the tenant’s two checks, each in the amount of $160, which were intended by the tenant to represent payment of rent for the months of February and March, 1969, were received by the landlord prior to the issuance of the warrant of eviction. However, it most certainly does not follow that the warrant is null and void.
Under the terms of the lease between the parties the monthly rent was $160 plus the monthly sum of $2 ‘ ‘ as and for additional rental” for water used by the tenant, or a total of $162 per month. The petition herein specifically alleged that the tenant had defaulted in payment of rent for the months of February and March each in the amount of $162 and that the tenant had defaulted in payment of the rental charges for a 10-month period amounting to $20.
The judgment, entered on default, provided for payment of the two months’ rent at $162, i.e., $324, the 10 months’ additional rent for water, i.e., $20, interest of $1.75, and costs and disbursements of $3.50, amounting in all to the sum of $349.25. As of the date of the issuance of the warrant the tenant had made payment of $320, i.e., two months’ rent at $160 per month leaving a balance due of $29.25, which sum was not paid until after the warrant had been issued, and after this present motion had been brought on and adjourned.
Section 751 of the Real Property Actions and Proceedings Law provides that the tenant “ may, at any time before a warrant is issued, stay the issuing thereof and also stay an execution to collect the costs, as follows: “1. Where the lessee or tenant holds over after a default in the payment of rent * * * he may effect a stay by depositing the amount of the rent due * * * and interest and penalty, if any thereon due, and the costs of the special proceeding, with the clerk of the court”.
The tenant did not avail herself of the above-quoted provisions of section 751 by depositing with the clerk of the court all sums due to the landlord under the judgment. Nor did she make payment to the landlord of all sums due him. She was still in default to the extent of $29.25 at the time the warrant was issued. Being still in default as of the issuance date, the tenant can hardly argue that the warrant was improperly issued or that it was null and void.
There remains to be decided the question of the power of this court to grant a stay of execution of the warrant of eviction.
The landlord, pointing to the provisions of section 751 of the *404 Real Property Actions and Proceedings Law (quoted, in part, above) UDCA 2102 and CPLR 5015, contends that this court is without power to stay the execution of warrant herein except upon one of the following grounds: excusable default, newly discovered evidence, fraud or misrepresentation, lack of jurisdiction, or reversal of a prior judgment, none of which grounds is present in the instant case.
The power of this court to grant stays in summary proceedings is not dependent upon the statutes cited by the landlord.
CPLR 2201 states: “ Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just.” The provisions of CPLR 2201 are applicable to this court by virtue of the provisions of UDCA 212 and empower this court to stay the execution of the warrant of eviction ‘ ‘ upon such terms as may be just ”. (See Matter of Pepsi-Cola Metropolitan Bottling Co. v. Miller, 50 Misc 2d 40; Matter of Albany v. White, 46 Misc 2d 915; Matter of MacLeod v. Shapiro, 20 A D 2d 424; Matter of Silver-Ruth v. Rafferty, 42 Misc 2d 926; Matter of Joseph v. Cheeseboro, 42 Misc 2d 917, 919, revd. on other grounds 43 Misc 2d 702.)
Although the landlord is entitled to possession of the subject premises, the interests of justice demand that the court afford the tenant a reasonable opportunity to locate suitable accommodations. As indicated earlier, the tenant is receiving public assistance from the Nassau County Department of Social Services. She has three infant children aged 4, 6 and 7. Despite the fact that she has made efforts to find new living quarters she has been unable to find an apartment in Port Washington within the guidelines issued by the Nassau County Department of Social Services.
As of this date the money judgment entered herein has been satisfied by payment in full. Admittedly, the tenant has not paid any sum for the use and occupation of the premises for the month of April because of the uncertain status of her continued possession of the subject apartment. However, she states that she is ready, willing and able to make such payment.
Having in mind all of the circumstances herein, the court, in the exercise of its discretion, concludes that justice will be done by staying execution of the warrant herein up to and including May 31,1969, upon the following terms and conditions:
(a) On or before April 22, 1969, the tenant shall make a deposit in court of the sum of $162 for the use and occupation of the premises for the month of April, 1969.
*405 (b) On or before May 6, 1969, the tenant shall make a deposit in court of the sum of $162 for the use and occupation of the premises for the month of May, 1969.
(c) This stay shall terminate without further order of the court in the event that the tenant fails to make either of the afore-mentioned deposits.
(d) The Clerk of the court shall pay to the landlord or his duly authorized agent the amount of such deposits upon demand in writing.