DONALD J. MAYER, Appellant, v. WILLIAM M. SILVER et al., Respondents.— Appeal by plaintiff from so much of a judgment of the Supreme Court, Westchester County, dated May 31, 1974, as is in favor of defendants. Judgment affirmed insofar as appealed from, without costs. No costs are awarded to respondents Silver because their brief was not timely filed. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.

KENNETH NEWMAN et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v. SHERBAR DEVELOPMENT CO. et al., Respondents. NAT CHANELIS, Doing Business as SHERBAR DEVELOPMENT Co., Respondent, v. MAX MARGOLIES, Appellant (And 12 other titles). — In an action (by tenants of an apartment building inter alia for a declaratory judgment that a certain declaration of effectiveness of a plan of co-operative organization of the building is void) and several summary proceedings to recover possession of real property (the proceedings were transferred from the Civil Court of the City of New York to the Supreme Court, Kings County, there to be tried with the action), plaintiffs in the action and respondents in the proceedings appeal from a judgment of the Supreme Court, Kings County, dated May 29, 1974, which, after a nonjury trial, inter alia declared that the co-operative plan was properly declared effective on August 8, 1973 and that petitioner in the proceedings is entitled to warrants of eviction. Judgment modified, on the facts and in the exercise of this court's discretion in the interest of justice, by adding thereto a provision staying defendants from proceeding against all who are plaintiffs in the action to recover possession of their respective apartments prior to July 1, 1975, and further staying the issuance of warrants in the summary proceedings, until said date, all provided that said plaintiffs and the respondents in the summary proceedings respectively pay the present rent of their apartments as such rents become due. As so modified, judgment affirmed, without costs. Under section 753 of the Real Property Actions and Proceedings Law a stay of the issuance of a warrant in a holdover summary proceeding may be allowed for a period not to exceed six months. In the granting of equitable relief, the court may mold its relief to accord with the exigencies of the case (cf. Matter of Galewitz, 3 A D 2d 280, 285, affd. 5 N Y 2d 721; Wages v. Wages, 38 A D 2d 968). In the light of the prevailing tight market for apartment rentals, we find the exigencies of this case equitably require the conditional stay granted by the modification herein of the judgment. Hopkins, Acting P. J., Martuscello, Brennan, Benjamin and Shapiro, JJ., concur.