OPINION OF THE COURT
Nicholas A. Clemente, J.
This is an action for an acounting and for recovery of real property.
At the trial it was established that on October 20, 1959, the plaintiff and his wife purchased, as tenants by the entirety, a building consisting of four apartments located at 43 Douglass Street, Brooklyn, New York. They resided there for approximately six years until August, 1965 when the plaintiff separated from his wife and moved from the premises. In 1970 the plaintiff went to Italy and did not return to the United States until 1979. After 1970 and until 1974 not only were real estate taxes unpaid, but the building, as if reflecting their marital state, was vacant and unrentable. The wife, with her infant child, occupied the basement apartment, without central heating, and in squalid circumstances. She became a welfare recipient and there now exists a lien in favor of the City of New York against the premises for the sum of $12,000. Additional *204 judgments, without calculating interest, against the plaintiff and wife, total $3,336.
In 1974 unpaid taxes totaled $5,088.98 and as a consequence the property was in rem. On April 29, 1975 the plaintiff’s wife, who is a defaulting defendant herein, conveyed her interest in the property to the defendant Louis Cretella who is not related to her. Mr. Cretella pursuant to an earlier agreement with the wife had paid all tax arrears and had taken possession of the property. In consideration, the wife and her infant son were to live, rent free, in the basement apartment for one year. The defendant Cretella from 1974 to the present expended large sums of money and labor in renovating the building.
The restorative process took several years. Gradually each apartment was made habitable, and rented. Apartments Nos. 3 and 4 were first rented in January, 1979 while Apartment No. 2 was first rented in October, 1979. Meanwhile, plaintiff’s wife continuously resided in Apartment No. 1, rent free, until April, 1978 when she executed a lease, agreeing to pay the defendant Cretella $184 per month.
The plaintiff, Michele Burrofato, returned from Italy in 1979 and in January, 1980 commenced this action.
The plaintiff contends that a tenant by the entirety, such as his spouse Catherine Burrofato, may not convey her interest in the property without the consent of the plaintiff. Therefore, he argues, that the transaction between the-defendants is a nullity and that Cretella should “make restitution for the money and rents he has converted to his own use.” The plaintiff further insists that the defendant Cretella, as a volunteer, should not be reimbursed for the time and money which he has invested because Cretella has shamefully taken advantage of a destitute woman. The irony of such an argument is not lost on the court.
Concededly the defendant Cretella was not an altruist and viewed the transaction with plaintiff’s wife as a profitable business investment. Yet but for the intercession of the defendant Cretella, who paid the taxes and repaired the property, there would be no subject matter for a lawsuit *205 by a plaintiff who abandoned both his family and his house.
Nonetheless, although the plaintiff sues many years later, to recover property made valuable by another’s investment of money and labor, his inaction has not amounted to absolute abandonment, under the law. (Cf. RPAPL, art 5.) He thus retains his interest in the premises, as a tenant by the entirety.
The question then is, what effect, if any, was the deed dated April 29, 1975 by which the defendant Catherine Burrofato conveyed her interest in the property to the defendant Cretella?
At common law a husband and wife were regarded as one person. A conveyance to them was unique and independent of any principles which might have governed other cases. (Jackson v McConnell, 19 Wend 175; Bertles v Nunan, 92 NY 152.)
This principle of unity, probably forged in antiquity as another link in the chains binding women, nevertheless survived because of nature’s inherent justice. (The husband controlled the entire property during their joint lives but the wife kept surviving the husband.)
The rationale of the tenancy was that since the husband and wife were one person the survivor still held the whole upon the death of the other. Death gave nothing because he or she had always held the whole, rather than an undivided half.
Logic eventually modified the rule. In Stelz v Schreck (128 NY 263), it was held that where the unity is broken, not by death but divorce, then the tenancy by the entirety is severed and each spouse holds the property as a tenant in common, without survivorship.
The law further evolved when it was determined that a spouse might alienate his interest. In Hiles v Fisher (144 NY 306) the plaintiff acquired the husband’s interest by a foreclosure sale and thus became a tenant in common with the wife, subject to her right of survivorship.
The courts have jealously guarded the concept of tenancy by the entirety even as it devised exceptions. Thus in Stelz *206 v Schreck (supra) it was held that there was no condition annexed to the estate by the entirety that required either of the grantees to remain faithful to the married state. While in Dievendorf v Dievendorf (198 Misc 807), where deeds were cleverly transferred back and forth between a separated spouse and a third party, the court acknowledged that although either spouse might dispose of his or her interest to a third party, the right of survivorship was not destroyed.
The court is thus constrained to rule that the plaintiff and the defendant Cretella are tenants in common herein. As tenants in common each shares in the rents and profits while bearing equally the costs and expenses. (Kawalis v Kawalis, 183 Misc 896.)
That portion of plaintiff’s prayer for relief requesting an accounting is, therefore, granted. Based upon the evidence presented, the court finds that the defendant Cretella collected rents in the sum of $20,650. The court also finds that the defendant Cretella is entitled to be reimbursed for his costs and expenses, as follows:
a. Materials, supplies and
handyman labor $31,321.82
b. Utility bills 5,091.84
c. New York City real estate taxes 14,138.04
d. Managing agents’ fees based
upon the usual 6% commission
upon rents collected 1,239.00
e. 4,000 hours of personal
labor and supervision from 1974-
1978 at $10 an hour 40.000.00
$91,790.70
The defendant Cretella is thus to be credited with the difference, to wit, $71,140.75.
The next question deals with the powers of this court, in equity.
Having found that the plaintiff and defendant, Cretella, are tenants in common and that among the charges levied against the property is a credit of $71,140.75 the court *207 cannot leave open this Pandora’s box of litigation. How is the defendant Cretella to be reimbursed? Who is to manage the property? What happens if the defendant Catherine Burrofato divorces the plaintiff next year? Are the leases executed by defendant Cretella binding upon this plaintiff?
These are only some of the questions that have arisen. Additional questions with attendant litigation and mayhem would be inevitable were the court to deny further relief to the parties.
Once a court of equity has jurisdiction, it has the power to dispose of all matters at issue and grant complete relief. (People v Lexington Sixty-First Assoc., 38 NY2d 588; Ferguson v Village of Hamburg, 272 NY 234.)
A court, in granting equitable relief may go so far as to stay a proceeding in contravention of a statute in order to accord with the exigencies of a case. (Newman v Sherbar Dev. Co., 47 AD2d 648.)
Finally a court of equity, in seeking to adjust the rights of the parties, will not prefer form over substance and disregard fictitious entities where justice requires it. (Bartle v Finkelstein, 19 AD2d 256.)
Accordingly, this court, while recognizing that neither party is authorized to commence an action in partition, concludes that it has the power and, under the facts and circumstances of this case, the obligation, to order a public sale of 43 Douglass Street, Brooklyn, New York.
The proceeds of such sale after the payment of fees, expenses, liens and credits shall be divided between the parties in a manner consistent with this opinion.
The order to be settled shall provide for the appointment of a referee to sell upon the usual terms of sale. It shall also provide that the leases executed by the defendant, Cretella are provident and therefore binding upon the plaintiff. All liens, fees and expenses shall be borne equally by the parties except the lien of the City of New York, which shall be allocable to the defendant, Cretella. Although the lien arose as a result of payments caused by the abandonment of the plaintiff’s wife it was nevertheless extant at the time the defendant, Cretella, purchased his interest. The plain-
*208 tiff may be indebted to the City of New York for the payments his wife received, but, at most, the claim is unliquidated and not properly chargeable to him. (Sadow v Poskin Realty Corp., 63 Misc 2d 499.)
The order should also provide for the defendant, Cretella, to have possession of the property pending the sale and delivery of title by the referee, in order to collect rents and otherwise manage the property.