OLGA HILL et al., Respondents, v NEW YORK STATE BOARD OF
ELECTIONS, Defendant, and NEW YORK CITY BOARD OF
ELECTIONS, Appellant.

Second Department, November 3, 1986

**APPEARANCES OF COUNSEL**

*Frederick A. O. Schwarz, Jr., Corporation Counsel (June A. Witterschein* and *Helen P. Brown* of counsel), for appellant.

*John C. Gray, Jr. (Jane Greenfold Stevens* of counsel), *John E. Kirklin (Jonathan Ben-Asher* of counsel), and *Herbert Semmel* for respondents. (One brief filed.)

**OPINION OF THE COURT**

Per Curiam.

The record reveals that, until relatively recently, the New York City Board of Elections (hereinafter NYCBE) has failed to comply with the legislative mandate that all polling places must be made accessible to the physically handicapped and that detailed written determinations must be prepared and filed for each site which is not accessible (Election Law § 4-104 [1-a]). Moreover, NYCBE concedes that it has not complied with regulations promulgated by the New York State Board of Elections (hereinafter (NYSBE) which require the annual submission of the aforementioned written determinations to NYSBE *(see,* 9 NYCRR 6206.3, 6206.4).

Under these circumstances, the Supreme Court, Kings County, acted properly in ordering NYCBE to comply with these enactments (132 Misc 2d 221). Similarly, those portions of the court's order and judgment which require the prompt preparation and filing of written determinations by NYCBE and their submission to NYSBE and to the plaintiffs' attorneys are also reasonable exercises of the court's equitable powers, as is the requirement that NYCBE mail a list of all inaccessible polling sites to 19 organizations which represent the disabled. These measures are appropriately calculated to provide a means of monitoring the progress of NYCBE in achieving accessibility to the physically disabled as well as to insure NYCBE's compliance with the recordkeeping and reporting requirements of the Election Law and the regulations promulgated by NYSBE. NYCBE is hereby given 90 days from the date of the service upon it of this court's order, with notice of entry, within which to file the aforementioned written determinations with NYSBE.

However, while we are cognizant of the court's broad discretion in fashioning appropriate equitable relief in a given case *(see generally, Newman v Sherbar Dev. Co.,* 47 AD2d 648, *lv denied* 37 NY2d 705), we conclude that those portions of the order and judgment which require the submission of comprehensive written determinations to the court on a quarterly basis, and which require court approval prior to NYCBE's designation of new polling sites, are unwarranted at the present time. The record indicates that these provisions of the order and judgment are likely to impose unduly burdensome reporting requirements upon NYCBE and may actually impede its attempts to make progress toward full compliance with the statute.

Furthermore, the court's injunction against the holding of elections in 1987 and thereafter unless NYCBE fully complies with Election Law § 4-104 (1-a), and its direction that NYCBE establish fair hearing procedures are likewise inappropriate at this juncture. Judicial restraint is required where, as here, the litigated issues to some extent involve matters of administrative judgment, discretion and allocation of resources and priorities *(see, James v Board of Educ.,* 42 NY2d 357; *Matter of Bennett v City School Dist.,* 114 AD2d 58; *Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946). Hence, while we do not foreclose the possibility that the granting of such relief may be proper and necessary in the event of future noncompliance, we do not find it warranted at present in light of NYCBE's recent and significant progress in improving accessibility to polling sites and its representations that such progress will continue at an accelerated rate. In this regard, we remind NYCBE that the Legislature has unequivocally expressed its intention that the goal of full accessibility be achieved by 1990 (L 1984, ch 526, § 1) and that the failure of NYCBE to apply its utmost efforts toward meeting this goal will not be tolerated.

MOLLEN, P. J., BROWN, NIEHOFF and KOOPER, JJ., concur.

Ordered that the order and judgment (one paper) of the Supreme Court, Kings County, dated July 16, 1986, is modified, on the law and the facts, by (1) deleting therefrom the decretal paragraphs numbered 3, 8 and 9 and so much of the decretal paragraph numbered 12 as refers to fair hearing procedures, and (2) deleting from the decretal paragraph numbered 5 the words "30 days after entry and service of this order". As so modified, the order and judgment is affirmed

insofar as appealed from, without costs or disbursements. The New York City Board of Elections time to comply with decretal paragraph numbered 5 is extended until 90 days after service upon it of a copy of this order, with notice of entry.