OPINION OF THE COURT
Michael A. Ciaffa, J.
Decision Denying Ex Parte Order
In an era when tent cities and new Hoovervilles are rising from the ashes of a foreclosure crisis all across America (New York Times, Mar. 26, 2009, at 1), the petitioner, Deutsche Bank National Trust Co., asserts a direct legal challenge to the court’s equitable authority to consider a request for “more time” by a family facing a postforeclosure eviction. For the reasons stated hereinafter, the court rejects the challenge, and reiterates that the court retains the power and equitable discretion to consider claims of genuine hardship in the face of an imminent eviction.
By order to show cause dated March 10, 2009, the court temporarily stayed the petitioner and the sheriff from evicting the respondent, Judith Lawrence, pending the hearing and determination of her pro se motion for “more time.” Her moving affidavit alleges that she has resided in the subject premises since 1990. During a divorce action, she sold the house to a friend who failed to pay what was owed, and the house was eventually lost through a foreclosure and sold to petitioner.
The court file reflects that petitioner acquired the premises on October 21, 2008, via a referee’s deed “in consideration of the sum of $500.00.” A few weeks later, petitioner served a 10-day “notice to quit” upon Tessa Oliver, “John Doe” and “Jane Doe.” Thereafter, by notice of petition dated December 1, 2008, and made returnable January 14, 2009, respondent, Judith Lawrence, was served by name for the first time. On the return date, she entered into a stipulation of settlement on a standard form used by petitioner. As far as the court file reflects, respondent was not represented by counsel.
In pertinent part, the stipulation provided that “[t]he Court will enter a final judgment of possession in favor of Owner and issue a warrant of eviction forthwith” and further provided that “[t]he warrant will not execute until after 3/10/09 (the ‘Vacate Date’) provided Occupants do everything promised in this *840 Agreement.” The stipulation also identified respondent’s 92-year-old mother, Dorothy Lawrence, as a person “more than 60 years of age, mentally or physically ill or disabled” who was residing in the premises with respondent.
On February 13, 2009, Judge Fairgrieve signed a holdover judgment awarding possession of the premises to the petitioner but staying “enforcement and execution” until March 10, 2009.
Respondent, Judith Lawrence, made a timely application to this court for “more time” by filing her request for an order to show cause on March 10, 2009. Her affidavit, on a form provided by the court, appears to ask for nothing more than “more time.” Although the court form includes broad, boilerplate language, respecting general requests for relief from a default, it also includes language through which the applicant may seek “such other and further relief as may be just and proper” as well as language providing that “pending the determination of this motion that the . . . warrant of eviction be stayed.”
Judith Lawrence’s moving affidavit presents an extremely compelling equitable case for “more time.” In simple, indeed moving terms, she states: “I need more time as my mom lives with me — she is 92 years. I am getting her in a nursing home and SS documents are delayed as she has dementia. I just need more time. Thank you.”
The court signed the order to show cause, temporarily staying petitioner and the sheriff from evicting respondent conditioned upon her payment into court of $500. Petitioner has now presented to me an ex parte order that, if signed, would vacate the order to show cause. In pertinent part, the application to vacate contends that the order I signed “was in excess of the equitable authority of this Court as granted by statute.”
According to petitioner, the “sole equitable relief’ permitted on application of a holdover occupant after a judgment of possession “is the statutory authority to grant a stay of issuance or execution of a warrant of eviction for a period not greater than six months from the date of entry of judgment,” further conditioned upon payment “for the occupation of the premises for the period of the stay and such deposit shall also include all rent unpaid by the occupant prior to the period of the stay” (citing RPAPL 753). Based on the provisions cited, petitioner contends that “the relief in the Order was beyond the jurisdiction of this Court to grant except upon condition of payment of $10,000.00 [for five months’ use and occupancy] to the Owner or into the Court.”
*841 The court must reject the petitioner’s contentions. CPLR 2201 broadly empowers the court to grant a stay of proceedings “in a proper case, upon such terms as may be just.” The propriety of granting a stay in any given case is limited only by “the Court’s own sense of discretion, prudence, and justice” (Matter of Joseph v Cheeseboro, 42 Misc 2d 917, 919 [1964, Greenfield, J.], revd on other grounds 43 Misc 2d 702 [1964]).
Contrary to petitioner’s contention, the RPAPL does not constrain the court. Indeed, the provisions cited by petitioner (RPAPL 753) on their face apply only to proceedings “to recover the possession of premises in the city of New York” (RPAPL 753 [1]). A different section (RPAPL 751) once incorporated provisions relating to discretionary stays “outside the city of New York” (RPAPL 751 [4] [a]). The latter provisions, however, were effective “only until September first, nineteen hundred sixty-seven” (RPAPL 751 [e]). In any event, the provisions of section 751, like the provisions of section 753, literally apply only to stay applications “before a warrant is issued” (RPAPL 751; see Errigo v Diomede, 14 Misc 3d 988, 991 [2007]; New York City Hous. Auth. v Witherspoon, 12 Misc 3d 899, 905 [2006]).
Postwarrant stay applications accordingly are governed by the more general provisions of CPLR 2201 and traditional equitable principles (Canigiani v Deptula, 59 Misc 2d 401 [1969, Niehoff, J.]). This is not to suggest that there are no limits upon the exercise of the court’s discretion. Both within and outside the City of New York, judges are cognizant that “there must be some limitations on their discretion to stay issuance and/or execution of a warrant” (see New York City Hous. Auth. v Wither-spoon at 906). But it is equally well established that judges retain the equitable power to “mold . . . relief to accord with the exigencies of the case” (see Newman v Sherbar Dev. Co., 47 AD2d 648 [2d Dept 1975], discussed in New York City Hous. Auth. v Witherspoon at 908).
Accordingly, the court rejects petitioner’s contention that the court’s authority is limited by the RPAPL. To the contrary, the court’s power to act is firmly grounded in CPLR 2201 as made applicable under section 212 of the Uniform District Court Act (see Canigiani v Deptula, supra). Notwithstanding the earlier order of the court extending the warrant’s execution date only until March 10, 2009, the respondent made a proper application for “more time” which the court, in its discretion, granted by order to show cause, pending further proceedings before Judge Fairgrieve.
*842 Based upon the court’s review of the facts set forth in Ms. Lawrence’s moving affidavit, and the papers contained in the court file, it concluded that exigent circumstances were clearly presented. Moreover, petitioner, on this application, provides the court with no reason to reconsider its discretionary decision. Not a single fact alleged by Ms. Lawrence is challenged by petitioner.
Considering Ms. Lawrence’s decades-long occupancy of the subject premises (dating back to 1990), the circumstances under which the premises were lost and then sold to petitioner for $500, respondent’s need to care for her 92-year-old mother, her mother’s dementia, the practical difficulties she has encountered arranging for nursing home care for her mother, and her apparently good faith, honest request for “more time,” the court believes it can properly afford respondent a reasonable amount of additional time to locate suitable accommodations for herself and her mother without violating petitioner’s rights or the court’s oath of office (Canigiani v Deptula, supra). If, upon the return date of the motion, it appears that respondent will not then be able to make a firm commitment regarding the date she will be able to vacate the premises, petitioner may apply to the court for an appropriate order respecting use and occupancy and/or execution of the warrant of eviction, subject to the court’s overall judgment and discretion.
For the foregoing reasons, petitioner’s request for an ex parte order vacating the court’s order to show cause is denied.